**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4587**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ALFONSO ROMERO-RAMIREZ, a/k/a El-Tio, a/k/a Oscar Romero,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Senior District Judge. (3:15-cr-00043-JRS-3)

Submitted: May 2, 2017                                    Decided: May 26, 2017

Before GREGORY, Chief Judge, TRAXLER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Donald B. Marks, MARKS AND BROOKLIER, LLP, Los Angeles, California, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, L. Margaret Harker, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Alfonso Romero-Ramirez appeals the 85-month sentence imposed by the district court following his conviction by a federal jury of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and one count of distribution of methamphetamine and aiding and abetting. Romero-Ramirez contends that the district court committed procedural error in sentencing him. He argues that the court failed to adequately explain its reasons for imposing the sentence, and gave no reasons for declining to grant his request for a variance sentence of 60 months' imprisonment. The government contends that the court's explanation was adequate, but argues that any error is harmless. We affirm.

In explaining a sentence, the district court is not required to "robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). However, the court "'must make an individualized assessment based on the facts presented' when imposing a sentence, applying the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must state in open court the particular reasons supporting its chosen sentence." *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (emphasis, alterations, and internal quotations marks omitted).

Procedural sentencing error, including the failure to adequately explain the chosen sentence, is subject to review for harmless error. *United States v. Martinovich*, 810 F.3d 232, 242-43 (4th Cir. 2016). "Under that standard, the government may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or

2

influence on the result," such that the court "can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

Upon review, we conclude that any error is harmless, given that nothing in the record suggests that a more extensive discussion of Romero-Ramirez's arguments would result in a lower sentence. The district court conducted a 90-minute sentencing hearing, listened to extensive arguments by counsel and the government, and commented at length at various points. It is therefore clear from the record that the court considered the nature of the offense, Romero-Ramirez's role, his history and characteristics, and the court's own finding that he was not entirely truthful.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*